**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Chu Doan, | No. CV-25-01995-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Danny Chu Doan's Motion to Seal or Redact Defendant Bolin's Exhibit Doc. 106-1 (Doc. 107, Mot.). Plaintiff separately filed his Notice of Imminent Safety Risk Created by Defendants' Public Filing of Sensitive Custody Information (Doc. 108, Pl. Not.) in support of his Motion. According to Plaintiff, the offending exhibit was attached to Defendants' Reply in Support of Motion to Dismiss and reflects Plaintiff's public inmate record (the "Exhibit"). (Doc 106, MTD Reply; Doc. 106-1, Original Ex.) Later, Defendants filed a Notice of Non-Opposition to Motion to Seal or Redact Defendant Bolin's Exhibit (Doc. 112) and lodged a proposed redacted version of the Exhibit (Doc. 113). For the reasons set forth below, the Court will grant in part and deny in part Plaintiff's Motion.

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial

record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

The Exhibit is "more than tangentially related to the merits" of this matter. Defendants rely upon the Exhibit to show that Plaintiff had access to legal material and resources during his time in custody, thereby not tolling his claims. (MTD Reply at 3–4.) Defendants' argument relies upon the classification of Plaintiff's custody being "close," not "maximum," custody. (*Id.*) If Defendants are successful, Plaintiff's claims would be dismissed pursuant to the statute of limitations. (*Id.* at 2–6.)

Because the Exhibit is "more than tangentially related to the merits" of this matter, Plaintiff must demonstrate "compelling reasons" to justify keeping the documents under seal. Plaintiff argues that such reasons exist because the information related to "Plaintiff's restricted custody placement and other internal housing records . . . creates a serious safety risk to Plaintiff." (Mot. at 1.) According to Plaintiff, the Exhibit reveals "prior protective custody designations, housing placements, and internal classification codes," which put Plaintiff in danger because such data "exposes an individual as vulnerable or as an alleged informant." (Pl. Not. at 1–2.) Upon review of the Exhibit, there appear to be no so-called protective custody designations mentioned. (*See generally* Original Ex.) And while the Exhibit does reflect housing placements and classification codes, Plaintiff does not explain why that data "exposes" him as "vulnerable" or an "informant." Plaintiff fails to grapple with the fact that the Exhibit is a public record, meaning anyone at any time can receive the same information from the Arizona Department of Corrections that was contained in the Exhibit. Plaintiff presents no compelling reason to justify sealing the entire Exhibit.

1 | Plaintiff alternatively requested that Defendants file a redacted version of the Exhibit to omit references "to protective custody status, housing transfers, and other sensitive inmate records." (Mot. at 2.) Defendants' proposed redacted exhibit appears to redact the requisite information to appease Plaintiff while not obstructing the information referenced in Defendants' Reply in Support of Motion to Dismiss. Therefore, this Court will grant Plaintiff's request to redact the information he deems to be sensitive and will direct the Clerk of Court to file Defendant's proposed exhibit containing those redactions.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Seal or Redact Defendant Bolin's Exhibit Doc. 106-1 (Doc. 107).

**IT IS FURTHER ORDERED** striking Exhibit 1 to Defendants' Reply in Support of Motion to Dismiss (Doc. 106-1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the document currently lodged under seal at Doc. 113.

Dated this 24th day of September, 2025.

Honorable John J. Tuchi
United States District Judge