**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Chu Doan, | No. CV-25-01995-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue are several unresolved motions flooding the docket due to a high volume of filings occurring weekly. To reduce confusion and delay caused by this overactive docket, the Court will now resolve all pending motions related to the sealing and redaction of documents, service upon Defendant Rogers, and miscellaneous filings from Plaintiff.

## I.    Sealing and Redaction of Documents on Docket

Plaintiff most recently filed his Notice of Compliance with Doc. 115 and Request for Clarification (Doc. 117), in which he alerts the Court that the original exhibit (Doc. 106-1) with sensitive information has not been sealed from public access. Plaintiff is correct, and the Court will make the appropriate orders herein. Importantly, though, docket entry 106-1 includes Defendant Bolin's second and third exhibit lumped under that same docket entry, not just the offending first exhibit. And the redacted version created by Defendant Bolin and currently filed at docket entry 116 does not include his second and third exhibits. To complete the record, Defendant Bolin must file the unredacted second

1   and third exhibits originally attached to his Reply in Support of Motion to Dismiss within

2   seven days of this Order.

3       Also pending is Plaintiff's Motion to Seal Docket 78 and Substitute Redacted

4   Version ("Motion to Seal") (Doc. 79). As relevant here, Federal Rule of Civil Procedure

5   5.2(a) permits Plaintiff to redact the month and day of an individual's birthday and a

6   minor's name except for the initials. It is Plaintiff's responsibility to redact this information

7   from his filings. Failure to do so amounts to a waiver of redaction. Fed. R. Civ. P. 5.2(h).

8   Plaintiff has made similar omissions before. (Doc. 45.) Now, Plaintiff has forgotten, once

9   again, to redact personal information from a filing and moves to seal the original document.

10  That personal information includes his birthday, inmate number, the birthday and address

11  of his daughters. (*See* Doc. 78 at 17-20, 22.)

12      In the Ninth Circuit, courts "start with a strong presumption in favor of access to

13  court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.

14  2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

15  2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial

16  record must articulate justifications for sealing that outweigh the historical right of access

17  and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447

18  F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related

19  to the merits" of a case, the party seeking to seal the document must demonstrate

20  "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at

21  1103.

22      The personal information at issue is in exhibits that Plaintiff filed in support of his

23  Motion for Default. (Docs. 76, 78.) Undoubtedly, Plaintiff's default motion and related

24  exhibits are more than tangentially related to the merits of this matter, and Plaintiff must

25  demonstrate compelling reasons to justify keeping the documents under seal. *See*

26  *Koninklijke Philips Electronics, N.V. v. KXD Tech., Inc.*, 347 F. App'x 275, 276 (9th Cir.

27  2009) (stating that default judgment is "case dispositive"); *La. Pac. Corp. v. Money Mkt. 1*

28  *Institutional Inv. Dealer*, Case No. 09-cv-03529-JSW, 2013 U.S. Dist. LEXIS 19542, 2013

WL 550563, at *1 (N.D. Cal. Feb. 12, 2013) (applying the "compelling reasons" standard to a motion to seal portions of the plaintiff's motion for default judgment). Compelling reasons exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citation and internal quotation marks omitted).

Plaintiff shows no compelling reasons for sealing the designated information. First, Plaintiff has already listed his daughters' names and birthdays himself in other filings that are accessible to the public. (*See, e.g.*, Docs. 69, 77.) Plaintiff has also mentioned multiple times that he is his daughters' sole caretaker and has included his own address in filings on the docket. Second, Plaintiff's inmate number is a matter of public record and can be accessed on the Arizona Department of Corrections website at any time. The fact that this Court found good cause to redact his inmate number earlier does not mean there is a compelling reason to do so now. (*See* Doc. 51.) *See Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."). Third, Plaintiff's failure to redact his own birthday amounts to a waiver under the Federal Rules of Civil Procedure, and several documents already filed on the docket by Plaintiff himself contain his birthday. Accordingly, the Court will deny the motion.

## II.    Service Upon Defendant Rogers

Turning to service issues, Plaintiff has requested that he be permitted to serve Defendant Rogers by alternative means and to extend the time to serve Defendant Rogers. (Docs. 93, 99.) Plaintiff has been unable to locate Defendant Rogers despite contacting GEO Group, a private prison facility that employed Mr. Rogers some years ago. (*See* Doc. 43 at 5; Doc. 49 at 1–3.) GEO Group informed Plaintiff that they had no contact information for Defendant Rogers. (Doc. 66-1 at 3; *see also* Doc. 93 at 2.) Plaintiff now requests permission to serve Defendant Rogers by the following alternative methods: (1) service by certified mail or email provided that the Court orders GEO to lodge under seal any last-known address or email for Defendant Rogers; or (2) service by publication. (Doc.

93 at 3.) Plaintiff further requests a sixty-day extension of time to serve Defendant Rogers. (Doc. 99 at 3.)

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in this District by following Arizona state law for service. Under both Federal and Arizona law, the primary means of service are personal delivery, delivery to a person of suitable age and discretion who resides at the defendant's abode, and delivery upon an authorized agent. Fed. R. Civ. P. 4(e)(2), (h)(1); Ariz. R. Civ. P. 4.1(d), (i). Where service by the means described above is "impracticable," Arizona Rule of Civil Procedure 4.1(k)(1) provides that the Court may "order that service may be accomplished in another manner," including by publication. Any alternative method of service, including by publication, must also comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). A court may permit service by publication if the serving party is unable to determine the person's current address despite reasonably diligent efforts, service by publication is the best means practicable under the circumstances, and the motion is support by the serving party's affidavit setting forth their reasonably diligent efforts to serve the person. Ariz. R. Civ. P. 4.1(l)(1).

Here, the Court already deemed the primary means of service impracticable such that some form of alternative service is appropriate. (Doc. 41 at 3.) As Plaintiff himself reports, he does not know Defendant Rogers' current place of work, nor does GEO Group have any contact information for Defendant Rogers. Ordering GEO Group to file under seal information that does not exist is futile.

The only remaining alternative method for service is by publication, but Plaintiff has not complied with the requirements to request the same. Specifically, Plaintiff must support his motion "by affidavit that sets forth the serving party's reasonably diligent

efforts to serve the person." Ariz. R. Civ. P. 4.1(l)(1)(C); *Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 261 (Ariz. App. 1990). An affidavit may be sworn or unsworn, so long as it complies with Arizona Rule of Civil Procedure 80. Here, nothing in Plaintiff's Renewed Motion for Alternative Service can be construed as an affidavit, sworn or unsworn, that complies with these Rules.

The Court notes that nothing prohibits Plaintiff from initiating the service by publication procedure set forth in Arizona Rule of Civil Procedure 4(l)(2). The only function that this Court's approval serves, whether obtained prior to or during the publication procedure, is to deem service by publication a sufficient means of service as to Defendant Rogers under Federal and Arizona law. The Court cannot do so here.

Plaintiff separately requests this Court to extend time to effect service upon Defendant Rogers. Plaintiff having shown good cause that more time is needed, the Court will grant Plaintiff's request in part and provide Plaintiff an additional thirty days from the date this Order is entered to serve Defendant Rogers.

## III. Miscellaneous Filings

This matter is still in its infancy. No responsive pleadings have been filed to Plaintiff's Second Amended Compliant because multiple pre-answer motions remain pending. These motions include Defendant Bolin's Motion to Dismiss (Doc. 100), Plaintiff's Motion for Default Judgment as to Defendant Thiem (Doc. 76), Defendant Thiem's Motion to Set Aside Default Judgment (Doc. 83), and a slew of related Motions to Strike (Docs. 85, 94, 102). These motions have been fully briefed or the time to respond or reply has passed.

The Court intends to resolve these pending issues so this matter can proceed to the next stage of litigation. But the Court is overwhelmed by the sheer volume of filings from Plaintiff, which include a Motion for Leave to Search Early Subpoenas on Non-Party Witnesses (Doc. 80), a Notice of Intent for Substitution of Party and Preservation of Claims[1] (Doc. 109), and a Motion for Sanctions, Protective Relief, and Request for Default

---

[1] While titled a "Notice," Plaintiff requests relief therein and attaches a proposed order.

Judgment or Settlement Conference (Doc. 110). Each are frivolous at this juncture, and the Court denies them.

Plaintiff shall not file any motions, notices, declarations, exhibits, or other documents in this matter until further order of this Court, unless it is one of the following: (1) an affidavit of service upon Defendant Rogers, if service is made in the time provided above; or (2) a motion for alternative service by publication upon Defendant Rogers comporting with Arizona Rule of Civil Procedure 4.1.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Extend Time to Serve Defendant Rogers (Doc. 99). Plaintiff shall have an additional thirty (30) days following the date this Order to serve Defendant Rogers.

**IT IS FURTHER ORDERED** granting Plaintiff's Notice of Compliance with Doc. 115 and Request for Clarification (Doc. 117).

**IT IS FURTHER ORDERED** directing the Clerk of Court to: (1) seal the filing located at docket entry 106-1; and (2) unseal the filing located at docket entry 116.

**IT IS FURTHER ORDERED** that Defendant Bolin shall file the unredacted versions of the second and third exhibits that were originally attached to Defendant Bolin's Reply to Response to Motion to Dismiss (Doc. 106) within seven days from the date of this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Seal Docket No. 78 and Substitute Redacted Version (Doc. 79), Plaintiff's Motion for Leave to Search Early Subpoenas on Non-Party Witnesses (Doc. 80), Renewed Motion for Alternative Service on Defendant Rogers (Doc. 93), Notice of Intent for Substitution of Party and Preservation of Claims (Doc. 109), and Motion for Sanctions, Protective Relief, and Request for Default Judgment or Settlement Conference (Doc. 110).

**IT IS FURTHER ORDERED** that, until further order of the Court, Plaintiff shall not file any motions, notices, declarations, exhibits, or other documents in this matter unless the document is one of the following: (1) an affidavit of service upon Defendant Rogers, if service is made in the time provided above; or (2) a motion for alternative service

by publication upon Defendant Rogers comporting with Arizona Rule of Civil Procedure 4.1.

Dated this 26th day of September, 2025.

Honorable John J. Tuchi
United States District Judge