WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Chu Doan, | No. CV-25-01995-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

Seven motions are at issue. For simplicity, the Court will address the pending motions in two categories: (1) motions arising from the entry of default as to Defendant Thiem (Docs. 76, 83, 85, 94); and (2) motions arising from Defendant Bolin's Motion to Dismiss (Docs. 100, 102, 123).

## I.     DEFENDANT THIEM'S DEFAULT

The operative pleading in this matter is Plaintiff's Second Amended Complaint ("SAC") (Doc. 20), which was served upon Defendant Thiem on July 28, 2025 (Doc. 57). Despite service, Defendant Thiem failed to timely file a responsive pleading. Plaintiff requested that the Clerk of Court enter default (Doc. 73–74), and the Clerk of Court did so (Doc. 75). Plaintiff then filed his Motion for Default Judgment Against Defendant Matthew Thiem Pursuant to Fed. R. Civ. P. 55(b)(2) ("Motion for Default Judgment") (Doc. 76).

One week after the Clerk of Court entered default, Defendant Thiem filed his Motion to Set the Clerk's Entry of Default Aside ("Motion to Set Aside") (Doc. 83), to which Plaintiff responded (Doc. 84), and Defendant Thiem replied (Doc. 89). Plaintiff then

filed what can only be construed as a sur-reply titled as "Consolidated Opposition to Defendant Matthew Thiem's Motion to Set Aside Clerk's Entry of Default" ("Sur-reply") (Doc. 90) and two supporting declarations (Docs. 91–92). Defendant Thiem moved to strike the Sur-reply and supporting documents ("Motion to Strike I") (Docs. 94), to which Plaintiff responded (Doc. 96) and Defendant replied (Doc. 98). Separately, Plaintiff moved to strike Defendant Thiem's Motion to Set Aside ("Motion to Strike II") (Doc. 85), and Defendant Thiem responded in opposition (Doc. 88). Plaintiff filed no reply and the time to do so has passed.

First, the Court will resolve the Motions to Strike I and II—each of which may alter the metes and bounds of the pending Motion to Set Aside. Then, the Court will consider what remains of the default issues and related briefing.

### A. Motions to Strike I and II

#### 1. *Legal Standard*

Motions to strike are disfavored and rarely granted. *See Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 4736775, *2 (D. Ariz. Sep. 27, 2019). For instance, motions to strike "often needlessly run up the cost of litigation and squander judicial resources," *see id.*, as evidenced by the parties' respective motions in the instant case that each required full briefing in turn. *See also G&G Closed Cir. Events LLC v. Barajas*, No. CV-19-05145-PHX-DLR, 2020 WL 1659903, at *2 (D. Ariz. Apr. 3, 2020) (collecting cases opining that motions to strike "are what give motion practice a deservedly bad name") (citation and quotation marks omitted).

Motions to strike may be appropriate, however, when the offending document was not authorized by statute, rule, or court order. For example, motion practice is limited to the filing of a motion, response, and reply. LRCiv 7.2. Sur-replies "are highly disfavored and permitted only in extraordinary circumstances." *Vondran v. Antonelli*, No. CV-22-00790-PHX-DJH, 2022 U.S. Dist. LEXIS 231200, *17 (D. Ariz. Dec. 23, 2022). Extraordinary circumstances may exist where new arguments are raised for the first time in a reply brief. *Id*.

Prior to filing a motion to strike under Rule 12(f), a movant must certify that the parties met and conferred about curing the defect giving rise to the motion to strike. (Doc. 8.) There is no meet-and-confer prerequisite before bringing a motion to strike under Rules 26(g), 37(b) or seeking to strike a document that was filed without authorization by statute, rule, or court order, such as a sur-reply. *See* LRCiv 7.2(m).

### 2. *Analysis*

In the Motion to Strike I, Defendant Thiem seeks to strike Plaintiff's unauthorized Sur-reply to the Motion to Set Aside. (Doc. 94 at 1.) In response, Plaintiff argues that he was trying to "ensure that the factual and legal issues are preserved and clarified for the record" and should be afforded leeway as a *pro se* litigant. (Doc. 96 at 1–2.) Plaintiff sought no leave before filing his Sur-reply and offers no extraordinary circumstances allowing a departure from the rules of motion practice. Plaintiff must follow the rules and orders of this Court, no matter his *pro se* status. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008–09 (9th Cir. 1986) ("Although *pro se*, [a litigant] is expected to abide by the rules of the court in which he litigates."). The Court will grant the Motion to Strike I and strike Plaintiff's Sur-reply and supporting documents filed therewith.

As for the Motion to Strike II, Plaintiff seeks to strike Defendant's Motion to Set Aside. (Doc. 85.) According to Plaintiff, the Motion to Set Aside is disguised as a Rule 12(b) dispositive motion and should be stricken for failing to comply with the meet-and-confer requirement set forth in the Court's Order. (Doc. 85 at 1–2; *see generally* Doc. 8 (order).) Motions to set aside are distinct from a Rule 12(b) motion and arise from a completely different rule of procedure—Rule 55(c). (*See* Doc. 88 at 2.) There is no meet-and-confer requirement under the rules or orders of this Court before a party can seek to set aside an entry of default. Accordingly, the Court will deny the Motion to Strike II.

### B. The Substantive Default-Related Motions

### 1. *Legal Standard*

Federal Rule of Civil Procedure 55(a) states that the clerk of court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead

- 3 -

or otherwise defend." After default is entered, a court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). A court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although a court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Rule 55(c) allows the Court to set aside any entry of default for "good cause." *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that a court's discretion is especially broad when considering whether to set aside entry of default). In deciding whether to exercise its discretion and set aside an entry of default, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the default has no meritorious defense; and (3) whether setting aside the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). A finding that any one of these factors is present is sufficient reason for a court to refuse to set aside the default, but the Ninth Circuit also cautions that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

**2.     *Analysis***

The Court now turns to the default-related motions. (Docs. 76, 83.) As a practical matter, whether to set aside the entry of default against Defendant Thiem will determine whether there is a default judgment to enter at all. Therefore, the Court will first analyze Defendant Thiem's Motion to Set Aside.

a.     *Factor 1: Culpable Conduct Leading to Default*

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v.*

- 4 -

*Knobber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001) (citation omitted) (emphasis in original). The Ninth Circuit has held that conduct can be intentional only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1091 (citation omitted). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'" *TCI Grp.*, 244 F.3d at 697.

Defendant Thiem argues that his conduct is not culpable because his failure to timely respond is excused by unintentional clerical error. Specifically, Defendant Thiem provided the properly served documents to the Arizona Department of Corrections' legal processing department, whereat a project specialist concluded that those documents were the same improperly served documents received just weeks before and declined to forward them to the deputy general counsel. (Doc. 83 at 5–6; Doc. 83-1 (affidavit of project specialist); Doc. 83-2 (affidavit of deputy general counsel).) While Plaintiff argues that the processing failure was "not excusable neglect" (Doc. 84 at 1–2), he makes no suggestion that the failure was an intentional act calculated to take advantage of Plaintiff, interfere with this Court's decision-making, or manipulate the legal process. Even if he did, Defendant Thiem offers a credible, good faith explanation that negates any such intention. *See TCI Grp.*, 244 F.3d at 697. The first factor weighs in favor of setting aside the default.

### b. *Factor 2: Meritorious Defense*

To satisfy the "meritorious defense" requirement, the movant need only allege sufficient facts that, if true, would constitute a defense to the claims against him. *Mesle*, 615 F.3d at 1094. Those facts must be specific, and a "mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding II*, 375 F.3d at 926 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)) (quotation marks omitted).

. . .

Although Plaintiff argues that Defendant Thiem lacks meritorious defenses entirely (Doc. 84 at 2), Defendant Thiem sets forth specific facts that, if true, would constitute multiple defenses to Plaintiff's claims. For example, Defendant Thiem asserts that Plaintiff filed no grievance appeal as required by the inmate grievance procedure (Doc. 83 at 6–7; *see also* Doc. 83-3 (affidavit of administrative services officer)), which would support the defense that Plaintiff failed to exhaust administrative remedies. Defendant Thiem also alleges that Plaintiff's claims are barred either by the statute of limitations or by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), due to the time that has passed since the alleged events occurred. (Doc. 83 at 7–8.) The second factor weighs in favor of setting aside the default.

          c.      *Factor 3: Prejudice to Plaintiff*

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701 (citations omitted). The standard is whether a plaintiff's ability to pursue its claim would be hindered if the default were set aside. *Id.* For a delay to be prejudicial, it must result in tangible harm, such as the loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion. *Id*. (citations omitted).

Plaintiff argues that he will be prejudiced if the default were set aside because the delay will: (1) prolong retaliation against him that is allegedly linked to this litigation; (2) compromise his ability to provide for his young children while managing his neurological symptoms and treatment; and (3) deprive him of discovering evidence. (Doc. 84 at 3.)

First, it bears no logic that the purported harassment or retaliation would cease if Defendant Thiem's default remains. Plaintiff alleges that the harassment stems from an overdose of a former Phoenix police officer. (Doc. 20 ¶ 17.) But Defendant Thiem is not a police officer; he is a correctional officer. (*See* Doc. 20 ¶ 8.) Even if the purported harassment is connected to correctional officers—which Plaintiff alleges it does (Doc. 20 ¶ 17)—Defendant Thiem is not the only correctional officer named as a defendant in this matter, and at least one other correctional officer has appeared to defend.

- 6 -

1    Second, the Court has no doubt that the weight of raising children while managing
2    one's own health is not easily carried. But that hardship did not absolve Plaintiff of
3    litigating the merits of his claims before the entry of default, and it does not absolve him
4    now. *TCI Grp.*, 244 F.3d at 701 ("For had there been no default, the plaintiff would of
5    course have had to litigate the merits of the case . . . vacating the default judgment merely
6    restores the parties to an even footing in the litigation.").

7    Third, any risk to evidence preservation caused by the delay in setting aside default
8    does not prejudice Plaintiff. In the SAC, Plaintiff purports that the events giving rise to his
9    claims occurred between 2017 and 2021. (Doc. 20 ¶¶ 13–16.) Plaintiff filed this lawsuit in
10   June 2025—four to eight years after the alleged events transpired. Regardless of whether
11   Plaintiff's delay was justified, the consequence of time is a virtue of Plaintiff's filing date,
12   and setting aside the default creates no greater a risk to evidence than that which already
13   existed. The third factor weighs in favor of setting aside the default.

14   In sum, each factor weighs in favor of setting aside the default, so the Court will
15   grant Defendant Thiem's Motion to Set Aside. Because there no longer exists any default,
16   Plaintiff's Motion for Default Judgment will be denied as moot. Defendant Thiem shall file
17   an answer or other responsive pleading no later than twenty-one days from the date of this
18   Order.

19   **II.    DEFENDANT BOLIN'S MOTION TO DISMISS**

20   Defendant Bolin seeks the dismissal of Plaintiff's claims, arguing that the claims
21   are time-barred by the statute of limitations and the SAC fails to state a claim under Rule
22   12(b)(6). (Doc. 100). Plaintiff responded in opposition to the Motion to Dismiss
23   (Doc. 101), and Defendant replied (Doc. 106). Most relevant here, though, is that Plaintiff
24   filed a Motion to Strike Defendant Bolin's Motion to Dismiss ("Motion to Strike III")
25   (Doc. 102), arguing that Defendant Bolin violated the Court's Order by failing to confer
26   with Plaintiff and file a Certification of Conferral. (Doc. 102 at 2; *see, e.g.*, Doc. 8.) In
27   response, Defendant Bolin filed a Certificate of Conferral (Doc. 104) and argued that the
28   parties did meet and confer on the statute of limitations and tolling issues, which are

incurable (Doc. 106 at 7). Plaintiff filed no reply brief in support of his Motion to Strike III.

The timeline of the parties' communications and filings is instructive here. On September 15, at 3:43 a.m., counsel for Defendant Bolin emailed Plaintiff:

> Good morning, Mr. Doan – I've taken a look at your Complaint and the Court's screening order. It appears the claims against my two GEO officers are barred by the statute of limitations, and were also the subject of a prior signed release. Was there any tolling agreement between you and GEO/its officers tolling the statute of limitations on your claim? If not, I'd like you to please voluntarily dismiss your claim against both Bolin and Rogers so we can avoid burdening the Court with unnecessary motion practice.

(Doc. 103-1 at 1, original emphasis omitted; Doc. 104-1 at 4.) Plaintiff did not respond during business hours. At 7:06 p.m. that evening, Defendant Bolin filed his Motion to Dismiss. (*See* Doc. 100.) Defendant Bolin filed no Certificate of Dismissal therewith. At 8:43 p.m. that evening, Plaintiff responded by email:

> Mr. Yu,
>
> Thank you for your message. Respectfully, I cannot agree to voluntarily dismiss my claims against Defendants Bolin and Rogers. As reflected in my pending filings, including my Motion to Preserve Claims Against Statute of Limitations Challenge, I contend that equitable tolling applies due to extraordinary circumstances while in maximum custody. I believe this issue is properly for the Court to decide.

(Doc. 104-1 at 3–4.) At 10:34 p.m., Plaintiff filed his Motion to Strike III. (*See* Doc. 102). Minutes later, Plaintiff filed a Notice of Conferral averring that "[c]ounsel declined to engage in substantive discussion and instead requested that Plaintiff voluntarily dismiss his claims." (Doc. 103.)

The next morning, counsel for Defendant Bolin emailed Plaintiff at 7:39 a.m.:

> Thanks, Mr. Doan – I have not received your Motion to Preserve Claims but I assume it was filed sometime before I

> made a formal appearance. In any event, I'm happy to meet and confer our clients' position on the SOL and tolling. I hadn't realized there was a personal conferral requirement in this matter until you response reminded, and I'd like to give you the opportunity to discuss your position beyond what has been filed. Are you available sometime this morning or afternoon for a call?

(Doc. 104-1 at 3, original emphasis omitted.) Ten minutes later, Plaintiff responded by email setting forth his steadfast position regarding equitable tolling. (Doc. 104-1 at 2–3.) Over the next thirty minutes, the parties emailed about when and where Plaintiff was held in maximum security and agreed to disagree on whether equitable tolling applies. (Doc. 104-1 at 1.) These emails represent the supposed "meet and confer" both parties rely upon in bringing forth their respective Motions.

For Defendant Bolin's part, the email correspondence shows no conferral about the pleading defect he raises under Rule 12(b)(6). Even after counsel for Defendant Bolin was reminded by Plaintiff's Motion to Strike III of the meet-and-confer requirement, counsel still failed to confer with Plaintiff on the Rule 12(b)(6) defects. It is possible that, if Defendant Bolin had truly conferred with Plaintiff, Plaintiff may have decided to cure potential defects arising under Rule 12(b)(6) by amending the operative pleading. This is, after all, the kind of collaborative result the meet-and-confer requirement is designed to cultivate.

For Plaintiff's part, he was not required to meet and confer with Defendant prior to filing his Motion to Strike III. (*See* Doc. 8 (discussing motion strike pursuant to Rule 12(f)).) Still, Plaintiff did so and implied in his Certificate of Conferral that Defendant Bolin's counsel "declined to engage in substantive discussion" regarding the issues raised in the Motion to Strike III. (Doc. 103.) But the email correspondence shows no conferral at all. Rather, the parties emailed *only* about the statute of limitations and equitable tolling. Such a factual misrepresentation may rise to the level of sanctionable conduct under Rule 11, which the Court may impose on its own initiative. Fed. R. Civ. P. 11(b)–(c).

. . .

In sum, both Plaintiff and Defendant Bolin have disregarded rules and orders of this Court. If duly followed, those rules and orders may have avoided the kinds of issues now pending. The Court will grant Plaintiff's Motion to Strike III, strike Defendant Bolin's Motion to Dismiss, and deny Defendant Bolin's Motion for Leave to Supplement Motion to Dismiss (Doc. 123) as moot. Plaintiff should not interpret the Court granting his Motion as a reward for making factual misrepresentations to the Court. Should further noncompliance with the rules and orders of this Court persist in this matter, the noncompliant party will be met with sanctions.

Defendant Bolin shall file a responsive pleading to Plaintiff's SAC no later than October 17, 2025. If Defendant Bolin presents a defense by motion pursuant to Rule 12(b), Defendant Bolin shall meet and confer with Plaintiff to determine whether those potential defects can be cured. (*See* Doc. 8.) In the event Defendant Bolin presents a Rule 12(b) motion, no sur-replies or supplemental briefing by either party will be permitted unless extraordinary circumstances justify it.

### III.     CONCLUSION

The sum of the Court's rulings is that Defendants Thiem and Bolin must file an answers or other responsive pleadings to Plaintiff's SAC. In short order, the parties will be either engaged in further Rule 12(b) motion practice or awaiting a Rule 16 scheduling conference in which the Court will set forth the timeline and limitations of discovery.

Having resolved all currently pending motions, the Court will now lift its restrictions on Plaintiff's ability to file documents in this matter. However, Plaintiff should consider that his former practice of filing multiple motions, notices, declarations, and other documents per week, sometimes per day, will not be tolerated in this Court. Such a practice hinders the Court's ability to promptly address the matters before it, which in turn delays ultimate resolution of Plaintiff's claims. Plaintiff should be mindful of the frequency at which he files documents, whether they are authorized by the rules, and the factual representations made therein.

. . .

**IT IS THEREFORE ORDERED** granting Defendant Thiem's Motion to Strike Docs. 90–92 (Doc. 94).

**IT IS FURTHER ORDERED** striking Plaintiff's Consolidated Opposition to Defendant Matthew Thiem's Motion to Set Aside Clerk's Entry of Default, Declaration of Non-Party Server, and Declaration of Danny Chu Doan in Support of Plaintiff's Opposition to Defendant Thiem's Motion to Set Aside Default (Docs. 90–92).

**IT IS FURTHER ORDERED** denying Plaintiff's Notice of Procedural Defect and Request to Strike Defendant Thiem's Motion (Doc. 85).

**IT IS FURTHER ORDERED** granting Defendant Thiem's Motion to Set the Clerk's Entry of Default Aside (Doc. 83). Defendant Thiem shall file an answer or responsive pleading no later than twenty-one days from the date of this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Default Judgment Against Defendant Matthew Thiem Pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 76) as moot.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Strike Defendant Bolin's Motion to Dismiss (Doc. 102).

**IT IS FURTHER ORDERED** striking Defendant Bolin's Motion to Dismiss (Doc. 100). Defendant Bolin shall file an answer or other responsive pleading to Plaintiff's Second Amended Complaint no later than **October 17, 2025**.

**IT IS FURTHER ORDERED** denying Defendant Bolin's Motion for Leave to Supplement Motion to Dismiss (Doc. 123) as moot.

**IT IS FURTHER ORDERED** that Plaintiff may file motions, notices, declarations, exhibits, or other documents without restriction but should be mindful of the frequency at which he files documents, whether they are authorized by the rules, and the factual representations made therein.

Dated this 14th day of October, 2025.

Honorable John J. Tuchi
United States District Judge