**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Chu Doan,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, *et al.*,<br><br>        Defendants. | No. CV-25-01995-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Damian Bolin's Renewed Motion to Dismiss (Doc. 125) joined by Defendant Emery Rogers (Doc. 141), and Defendant Matthew Thiem's Motion to Dismiss (Doc. 130). *Pro se* Plaintiff Danny Chu Doan responded to each Motion to Dismiss (Docs. 127, 133), and Defendants Bolin and Thiem each replied (Docs. 138, 139). Also at issue is Plaintiff's Motion for Leave to File Body-Worn Camera Footage (Exhibit J) ("Motion for Leave") (Doc. 136). For the reasons below, the Court will grant the Motions to Dismiss without leave to amend and deny Plaintiff's Motion for Leave.

**I.    BACKGROUND[1]**

Between 2017 and 2021, Plaintiff was incarcerated at various Arizona Department of Corrections facilities where Defendants Bolin, Rogers and Thiem worked as correctional officers. (Doc. 20, SAC, ¶¶ 7–8, 13.) While incarcerated, Plaintiff was unsafely placed with "do not house with" inmates (*id.* ¶ 13), unjustifiably placed in maximum custody (*id.* ¶ 14),

---

[1] The following facts are uncontested or—to the extent they are contested—are drawn from Plaintiff's Second Amended Complaint (Doc. 20, SAC) and are taken as true and construed in the light most favorable to Plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

subjected to disciplinary action on February 20, 2019 resulting from Defendant Thiem's fabricated ticket (*id.* ¶ 15) and suffered property loss in 2018 after Defendant Rogers destroyed his personal television (*id*. ¶ 16). Plaintiff was released from incarceration sometime in 2021.

On June 26, 2025, Plaintiff filed his Second Amended Complaint[2] against Defendants Bolin, Rogers and Thiem, asserting the following claims: (1) violation of 42 U.S.C. § 1983 and the Fourteenth Amendment against all Defendants; (2) violation of § 1983 and the Eighth Amendment against Defendants Rogers and Bolin; (3) violation of § 1983 and the First Amendment against Defendants Rogers and Bolin; and (4) intentional infliction of emotional distress ("IIED") against all Defendants. (SAC at 1–3.)

## II.     LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins*, 568 F.3d at 1067. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

. . .

---

[2] The Court already dismissed the Plaintiff's fourth claim that related to negligence arising from a car accident occurring between Plaintiff and Phoenix police officers. (Doc. 19.) As a result, the Court also dismissed the City of Phoenix and its officers as defendants. (*Id*.)

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation modified).

## III.   ANALYSIS

All Defendants argue that Plaintiff's claims are barred by the statute of limitations and should be dismissed. (Doc. 125 at 4–5; Doc. 130 at 2–4; Doc. 141 at 1–2.) Section 1983 does not specify a statute of limitations, so courts apply the most appropriate state statute of limitations in construing the timeliness of a § 1983 claim. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (citation omitted). For § 1983 claims in Arizona, courts use the statute of limitations established for personal injury claims, which is two years from the date of the incident giving rise to a cause of action and is the same as the one applied to IIED claims. A.R.S. § 12-542; *Cholla Ready Mix*, 382 F.3d at 974; *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1142 (D. Ariz. 2007) (applying the two-year limitation period of A.R.S. § 12-542 to an IIED claim). The statute of limitations begins to run "once a plaintiff has knowledge of the critical facts of his injury, which are that he has been hurt and who has inflicted the injury." *Bibeau v. Pac. Nw. Research Found.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *amended on denial of reh'g*, 208 F.3d 831 (9th Cir. 2000) (citation modified).

Equitable tolling may pause the running of a statute of limitations when a litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013). "Accordingly, equitable tolling is typically granted when litigants are

unable to file timely documents as a result of external circumstances beyond their direct control." *Id*. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). At this stage, dismissal on statute of limitations grounds is appropriate when, "accepting all well-pled facts in the complaint as true, it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *United States v. Page*, 106 F.4th 834, 838 (9th Cir. 2024) (citation modified). Dismissals are inappropriate "where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings" or where "factual and legal issues are not sufficiently clear to permit [a court] to determine with certainty whether the doctrine could be successfully invoked." *Supermail Cargo*, 68 F.3d at 1207.

In response to Defendants' Motions to Dismiss, Plaintiff argues that any limitation was tolled because he was incarcerated at the height of the COVID pandemic and placed in maximum custody, and such "systemic retaliation" obstructed his ability to timely file. (Doc. 127 at 2; *see also* Doc. 133 at 3.) He also argues that his claims against Defendant Thiem were tolled under the continuing violations doctrine because the ticket he fabricated "initiated a course of maximum-custody assignment, privilege loss, and dangerous housing exposure that persisted through 2021." (Doc. 133 at 3–4.) The Court need not determine whether the purported barriers or continuing violations that occurred during Plaintiff's incarceration tolled the statute of limitations. The Court will assume, as all Defendants did, that Plaintiff's claims did not accrue until his release from custody in 2021. The operative question relevant to all Defendants' Motions to Dismiss, then, is whether Plaintiff pleads sufficient facts that, if true, would toll his claims from the date of his release in 2021 to sometime on or after June 10, 2023—two years before he first filed this action.

Plaintiff argues that his claims were tolled after his release because he was preoccupied with "the difficult process of re-entry," which included "securing stable housing, reconnecting with family, and restoring emotional and financial stability." (Doc.

127 at 2.) Once Plaintiff was "able to stabilize life logistics," he maintains that he diligently prepared his claims and gathered documents and other corroboration. (Doc. 133 at 3; *see also* Doc. 127 at 3.) He does not assert any other obstructions or events beyond his control that delayed his ability to file timely after his release. Plaintiff also does not describe in any detail how re-entry and preparing his claims made filing impossible aside from generalized stress that those events and tribulations tend to create. (*See, e.g.*, Doc 127 at 2 ("[Plaintiff's] immediate focus was survival and reintegration, not litigation."); *see also* Doc. 133 at 3.)

None of these facts appear in Plaintiff's operative pleading. Therefore, it would be appropriate to dismiss Plaintiff's claims on that basis alone. But even if Plaintiff pled these facts, and assuming that those facts are true and undisputed, Plaintiff would still not establish the timeliness of his claim. *See Supermail Cargo*, 68 F.3d at 1206–07. A generalized preoccupation with the demands of life, even if difficult, is not an "extraordinary circumstance" that justifies equitable tolling. *See, e.g.*, *Ziskin v. Spearman*, No. 14-CV-1080 W (JMA), 2015 U.S. Dist. LEXIS 48355, at *26 (S.D. Cal. Apr. 13, 2015) (a death of a family member does not toll claims). Nor is the diligent preparation of a claim delayed only by ordinary life events. *See, e.g.*, *Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) ("Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim . . . Fairness, without more, is not sufficient justification to invoke equitable tolling[.]"); *Bibeau*, 188 F.3d at 1108. Rather, the circumstance must make a timely filing practically impossible. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that an attorney's egregious misconduct and abandonment of the client tolled the client's claims); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (holding that complete psychiatric disablement tolled the litigant's claims). Plaintiff identifies no such extraordinary circumstance here. Based on the facts advanced by Plaintiff, even if properly pled and true, there is no doubt that those facts would fail to evoke the rare application of the equitable tolling doctrine here. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("We have previously explained that the threshold necessary to trigger equitable tolling is very high, lest the

exceptions swallow the rule.") (citation modified). It is appropriate at this stage to dismiss all of Plaintiff's claims because he cannot establish the claims—each of which are based on events that occurred before his release from prison—were tolled at any point in the four years after his release.

Finally, Plaintiff requests leave to file police body-camera footage of a Phoenix officer referencing Plaintiff's prior incarceration history after the purported car accident occurring between Phoenix officers and Plaintiff in September 2024. (Doc. 136 at 1–2.) The Court already dismissed the claims against the City of Phoenix and its officers. (Doc. 19.) Further, a non-party mentioning Plaintiff's incarceration has no relevance to Plaintiff's claims that are based upon events that predate the car accident. The Court will deny Plaintiff's Motion for Leave.

Accordingly, the Court dismisses Plaintiff's Second Amended Complaint. Plaintiff has been given an opportunity to amend his pleadings once before (Doc. 5) and was even notified by the Court *in dicta* that his claims may be time-barred (Doc. 19). Still, Plaintiff fails to present facts that, even if pled and true, would toll the statute of limitations and preserve his claims. Because Plaintiff cannot cure the statute of limitation defect with additional facts, the Court declines to grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IT IS ORDERED** denying Plaintiff's Motion for Leave to File Body-Worn Camera Footage (Exhibit J) (Doc. 136).

**IT IS FURTHER ORDERED** granting Defendant Bolin's Renewed Motion to Dismiss (Doc. 125).

**IT IS FURTHER ORDERED** granting Defendant Thiem's Motion to Dismiss (Doc. 130).

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** dismissing Plaintiff's Second Amended Complaint (Doc. 20) without leave to amend. The Clerk of Court shall close this matter.

Dated this 7th day of January, 2026.

_____
Honorable John J. Tuchi
United States District Judge